J-S02019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK KANE | : | |
| | : | |
| Appellant | : | No. 907 EDA 2017 |

Appeal from the PCRA Order March 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0928271-1986

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 12, 2018**

Appellant Mark Kane appeals *pro se* from the order dismissing as untimely his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant claims that we should review the merits of his claim of after-discovered exculpatory evidence because he pled and proved the newly discovered facts and governmental interference exceptions to the PCRA time-bar.  **See** 42 Pa.C.S. § 9545(b)(1)(ii)-(iii).  We affirm.

Appellant's conviction for first-degree murder and possession of an instrument of crime[1] arose out of a 1986 drive-by shooting.  In 1987, a jury convicted Appellant of first-degree murder and possessing an instrument of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a) and 907, respectively.

crime.  In 1999, the United States District Court for the Eastern District of Pennsylvania granted Appellant's petition for writ of *habeas corpus* and ordered a new trial.  At the re-trial, a jury again found Appellant guilty and the trial court sentenced him to life imprisonment and a concurrent 2½ to 5 years' incarceration on February 27, 2003.

On April 15, 2005, this Court affirmed Appellant's judgment of sentence. Appellant did not petition the Pennsylvania Supreme Court for review.  On March 22, 2006, Appellant timely filed his first PCRA petition and counsel was appointed.  Appellant filed a request to waive his right to counsel and, following a **Grazier**[2] hearing, his request was granted.  The PCRA court dismissed Appellant's petition, and this Court affirmed on July 7, 2009.  **See Commonwealth v. Kane**, 1463 EDA 2008, unpublished mem. at 1-4 (Pa. Super. filed July 7, 2009).

On September 14, 2015, Appellant filed the instant *pro se* PCRA petition, his second.  Appellant amended his petition on March 25, 2016, and again on June 28, 2016.  In his petitions, Appellant attempted to invoke the governmental interference and newly discovered evidence exceptions, as codified in 42 Pa.C.S. § 9545(b)(1)(i) and (ii), respectively.  Appellant, in relevant part, asserted that he was recently able to contact James Hill. According to Appellant, he met Hill two months before the crime, and a few days before the shooting, Appellant had given the transmission of his car to

_____

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Hill for Hill to repair, thus rebutting the Commonwealth's evidence that Appellant used his own car in the murder.[3] Appellant asserted that he could not locate Hill earlier because he was incarcerated since 1986 and prison officials did not provide him with a telephone book. Hill sent Appellant a notarized letter dated May 19, 2016, indicating that he would testify that: Appellant's vehicle was inoperable at the time of the murder; Hill was near the scene of the crime; and Appellant was not present in the vicinity of the crime.

On January 31, 2017, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On February 15, 2017, Appellant responded to the notice. On March 13, 2017, the PCRA court dismissed Appellant's PCRA petition as untimely. Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to submit a Pa.R.A.P. 1925(b) statement, but filed a Rule 1925(a) opinion.

Appellant raises the following issues on appeal:

1. Was jurisdiction properly pled and invoked?

2. Did Appellant properly seek relief by invoking 42 Pa.C.S. § 9545(b)(1)(i) and (ii)?

3. Was Appellant's Second Addendum timely filed within the 60 day window of 42 Pa.C.S. § 9545(b)(2)?

4. Was discretion abused and an error of law committed when the PCRA court refused to make credibility determinations, findings of fact and conclusions of law regarding Appellant's claim of discovering a new, previously unknown fact; diligence in

_____

[3] While Appellant now proffers Hill as a material witness, it is unclear whether Appellant informed either his 1987 or 2003 trial counsel of Hill's existence.

discovering that fact; and whether the alleged fact was exculpatory? And does the record support the PCRA court's conclusion?

5. Was discretion abused and an error of law committed by the PCRA court when it did not examine Appellant and his properly proffered witness James Hill to: 1) make credibility determinations, findings of fact and conclusions of law regarding; 2) Appellant's claimed new discovery of a previously unknown fact; 3) his diligence in discovering it; 4) governmental interference in discovering it; 5) lack of access to public records; and 6) the properly proffered witness's credibility in stating Appellant's car was transmissionless because he was rebuilding it; that he was present at the scene when the murder occurred; and, that Appellant was not there?

Appellant's Brief at 6.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015) (citation omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, however, petitioner must also file his petition within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Because Appellant failed to file the instant PCRA petition one year after after his conviction became final,[4] he must satisfy one of the exceptions to the PCRA time bar. Appellant claims that he meets the governmental interference and the newly discovered facts exceptions. *See* 9545(b)(1)(ii), (iii). Therefore, we consider Appellant's claim that the PCRA court erred in rejecting his claims that he pled and proved an exception under either section 9545(b)(1)(ii) or (iii).

_____

[4] There is no dispute here that Appellant's conviction became final in 2006 and that Appellant's current PCRA petition, filed on September 14, 2015, was facially untimely.

- 5 -

First, Appellant claims that he met the newly discovered facts exception. He asserts that the new fact was a notarized letter from James Hill, which he received on May 19, 2016, containing exculpatory evidence. In his attempt to prove that he exercised due diligence, Appellant submitted an affidavit from his sister, Dolores Longendorfer, alleging that she unsuccessfully searched for individuals named James Hill from 1986 to 2016.

Further, Appellant asserts that he had several conversations with family members requesting that they call every James Hill in the telephone book. *See* Am. PCRA Pet., 6/28/16, at 3. He explains that it was not until his sister became frustrated with his continued requests that he asked her to send him a list of every James Hill in the telephone book. *Id.* He claims that he wrote to every James Hill and, on May 19, 2016, received the aforementioned notarized letter. *Id.* In his brief, Appellant cites *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017), in support of his argument that he exercised due diligence in obtaining Hill's letter. Appellant's Brief at 21.

To raise a successful newly discovered evidence claim a petitioner must show that: (1) "the facts upon which the claim was predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). This "new-facts" exception does not require us to analyze the merits of the case or the underlying "after-discovered evidence claim." *Brown*, 111 A.3d at 177. "Once jurisdiction has been established, a PCRA petitioner can present a substantive after-discovered-evidence claim." *Id.* at 176.

The Pennsylvania Supreme Court held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) *does not apply* to *pro se* prisoner petitioners[.]" ***Burton***, 158 A.3d at 638 (emphasis in original). Nevertheless, ***Burton*** did not eliminate the requirement that a *pro se* petitioner must exercise due diligence even if he is in prison. ***See id.***

Here, the PCRA court held that

> with the exception of Longendorfer's, [Appellant] did not submit affidavits of the other alleged family members he contacted regarding finding Hill. He also did not submit evidence of any prior attempts to find Hill. Although he might not have been aware of Hill's alleged new exculpatory evidence, he had previously stated that Hill was a potential witness who would corroborate [Appellant]'s testimony regarding his vehicle being inoperable at the time of the homicide. In sum, [Appellant] did not provide evidence as to why he could not have ascertained these alleged newly discovered facts with the exercise of due diligence.

PCRA Ct. Op., 4/28/17, at 4-5. We agree.

Appellant has been incarcerated since 1986, yet it was not until 2016 that he asked his sister to send him a list of all of the James Hills in the telephone book. He alleges that he continually attempted to contact Hill since 1986 through his sister. Appellant fails to explain, however, why he took no additional efforts to contact Hill before his second trial in 2003, such as utilizing trial counsel. There is no indication that Appellant provided Hill's name to either his 1987 or 2003 trial counsel for them to investigate. Thus, Appellant fails to demonstrate that he exercised reasonable diligence in obtaining Hill's notarized letter.

Second, Appellant argues that he satisfied the governmental interference exception. He claims that because he did not have access to a telephone book while incarcerated, he could not find a missing witness, Hill. Appellant relies on *Bounds v. Smith*, 430 U.S. 817 (1977), which held that prisoners have a constitutional right of access to the courts and that this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. Appellant argues that because he did not have access to a telephone book, he could not locate Hill until May 19, 2016.

To satisfy the governmental interference exception, Appellant must show that he could not raise his claim previously due to governmental interference. 42 Pa.C.S. § 9545(b)(1)(i).

The United States Supreme Court in *Bounds* reaffirmed the longstanding constitutional right for prisoners to have access to courts. *Bounds*, 430 U.S. at 828. The *Bounds* Court, however, did not create a specific right to a law library or legal assistance, *see Lewis v. Casey*, 518 U.S. 343, 351 (1996), it merely provided that these were constitutionally acceptable methods that did not foreclose other means to achieve the goal of access to courts, *see Bounds*, 430 U.S. at 830.

Appellant does not argue that his right to access the court was infringed. Rather, he argues that lack of access to a telephone book constitutes a

governmental interference by prison authorities. Appellant cites no legal precedent for the proposition that prisoners' constitutional right of access to the courts requires access to telephone books. As the trial court stated, Appellant "had access to both legal and business directories, as per the United States Supreme Court decision in *Bounds*." PCRA Ct. Op. at 4.

Further, Appellant does not explain why he could not have challenged his lack of access to a telephone book earlier or why he did not seek alternate means of attempting to contact Hill prior to his second trial in 2003. *See Commonwealth v. Rizvi*, 166 A.3d 344, 349 (Pa. Super. 2017) (noting that even if appellant's claim of limited access to a library and his restricted housing status constituted governmental interference possessed any merit, "he fail[ed] to offer a reasonable explanation why, with the exercise of due diligence, he did not ascertain this alleged interference of government officials earlier and seek redress") (citation omitted); *see also* 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception . . . shall be filed within 60 days of the date the claim could have been presented."). Thus, Appellant's governmental interference claim also fails.

Accordingly, Appellant failed to successfully plead and prove an exception to the PCRA time bar. Thus, we agree with the PCRA court that it lacked jurisdiction to consider the merits of Appellant's underlying claim that Hill's statement constituted after-discovered evidence warranting a new trial.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/12/18</u>