J-S35032-17

2017 PA Super 191

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANWAR RIZVI :
:
Appellant : No. 1751 WDA 2016

Appeal from the PCRA Order October 25, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007762-2008

BEFORE: LAZARUS, RANSOM, JJ., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                     **FILED JUNE 19, 2017**

Anwar Rizvi ("Appellant") appeals from the order entered by the Court of Common Pleas of Allegheny County dismissing his second petition for collateral relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546, as untimely. Appellant contends that extraordinary circumstances required the equitable tolling of the PCRA's one-year limitations period in his case, making the PCRA court's refusal to do so reversible error. We affirm.

On August 11, 2009, Appellant was sentenced to 15 to 30 years' incarceration for criminal attempt-homicide, and he filed a direct appeal to this Court. On March 1, 2010, prior to our disposition of his direct appeal, Appellant was transferred to a correctional institution in the Commonwealth

_____

[*] Former Justice specially assigned to the Superior Court.

of Virginia as part of an agreement between the Virginia Department of Corrections and the Pennsylvania Department of Corrections, whereby Virginia agreed to house 1,000 Pennsylvania male inmates.

On January 10, 2011, this Court affirmed Appellant's judgment of sentence. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court, making February 9, 2011, the date on which his judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review).

According to Appellant, it was during this time that he encountered difficulties with conducting legal research on Pennsylvania rules pertaining to appellate rights. Specifically, he claims that the Virginia correctional facility in which he was housed contained an underequipped library that could only accommodate several inmate researchers at a time, impeding his ability to conduct meaningful conventional or computer-based research.

On February 7, 2012, Appellant filed with the PCRA court an "Application for Notes of Testimony and All Other In-Court Related Documents." In his application, Appellant explained that the requested documents would enable him to conduct legal research and prepare an appeal under the PCRA. Apparently, the PCRA court never responded to Appellant's application.

By late February, 2012, Appellant returned to the PDOC's custody and was housed at SCI-Graterford. On March 28, 2012, Appellant filed a Motion

- 2 -

seeking permission to file a first PCRA petition *nunc pro tunc*. In this motion, Appellant requested an order from the PCRA court confirming that it would apply equitable tolling principles and the PCRA's government interference exception to the statutory time-bar to find his petition timely. In his motion, Appellant attached an affidavit averring that inadequacies within the VDOC made legal research and preparation of a timely appeal impossible.

The PCRA court treated Appellant's motion as a first PCRA petition and appointed counsel to represent him. Appointed counsel subsequently filed a Turner/Finley[1] no merit letter and, by its Order of October 23, 2012, the PCRA Court granted counsel's motion to withdrawal and issued a notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Appellant's petition as meritless. On November 13, 2012, the PCRA court dismissed Appellant's petition. Appellant appealed to this Court, and we affirmed on grounds that Appellant's motion was an untimely first PCRA petition. **See Commonwealth v. Rizvi**, No. 148 WDA 2103, unpublished memorandum (Pa.Super. filed June 16, 2014).

On January 17, 2016, Appellant filed the present, counseled petition, his second under the PCRA.[2] Among other claims, Appellant argued that

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).
[2] Appellant contends that his first petition was not a PCRA petition but simply a request that the court accept an imminent filing as a PCRA petition *nunc*
*(Footnote Continued Next Page)*

both equitable tolling principles as well as statutory exceptions to the time-bar, *infra*, applied to except his otherwise patently untimely petition from the PCRA's timeliness requirements.  The PCRA court, however, issued a Rule 907 Notice of its intent to dismiss the petition because it was untimely.  Appellant filed objections to the notice, but the court entered its final dismissal order on October 26, 2016.  This timely appeal followed.

Appellant presents one question for our review:

**The General Assembly constructed and worded the Post-Conviction Relief Act ("PCRA") with the intention of allowing the 1-year limitations period to be equitably tolled when extraordinary circumstances prevented the petitioner from timely filing his PCRA petition and the petitioner diligently pursued his PCRA rights.  The facts presented in Mr. Rizvi's PCRA petition should have triggered the PCRA's equitable tolling exception, giving the PCRA court jurisdiction to substantively adjudicate his trial counsel ineffectiveness claim.  The PCRA court, therefore, erred when it dismissed Mr. Rizvi's PCRA**

*(Footnote Continued)* ———————————

*pro tunc*.  Appellant, however, was asking the PCRA court to do what it could not do, for it was well-settled at the time, and remains so, that the PCRA provides the "*sole means*" for obtaining *nunc pro tunc* relief, and all claims seeking reinstatement of appellate rights are subject to the PCRA timeliness requirements.  42 Pa.C.S. § 9542 (emphasis added); **Commonwealth v. Hall**, 771 A.2d 1232, 1236 (Pa. 2001) (holding court has no authority to entertain request for *nunc pro tunc* appeal outside time constraints of PCRA, notwithstanding claim of counsel's ineffectiveness); **Commonwealth v. Eller,** 807 A.2d 838, 845 (Pa. 2002) (rejecting claim of entitlement to *nunc pro tunc* appeal outside PCRA framework).  The PCRA court and this Court on appeal both correctly deemed Appellant's self-styled "motion" as a *first* PCRA petition and reviewed it under the PCRA's timeliness provisions.  Accordingly, this petition is Appellant's second under the PCRA, despite his protestations to the contrary.

**petition on untimeliness grounds. U.S. Const. Amnds. 5, 6, 14; Pa.Const. art. I, §§ 9, 23.**

Appellant's brief at 2.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as "[t]he PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

The PCRA's time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). The period for filing a PCRA petition "is not subject to the doctrine of equitable tolling." *Id.*

Instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. *Id.* There are three exceptions:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution

or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this Section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented."   42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Since there is no equitable tolling of the PCRA's one-year statute of limitations, we lack jurisdiction over this case unless Appellant satisfies the plain language of an exception to the one-year statute of limitations.  This, Appellant has not done.  As noted, *supra*, Appellant's conviction became final on February 9, 2011, upon the expiration of the thirty-day period for seeking allowance of appeal with the Pennsylvania Supreme Court.  *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review).  It follows that Appellant's one-year statute of limitations expired on February 9, 2012.  42 Pa.C.S. § 9545(b)(1).  Therefore, Appellant's present petition, filed on January 17, 2016, is patently untimely.

To the extent Appellant's argument asserts the "interference by government officials" exception to the one year statute of limitations in Section 9545(b)(1)(i), we discern no merit to his claim. Appellant contends that both limited library resources and his restricted housing status within the Virginia correctional facility frustrated his efforts to understand and invoke his appellate rights under Pennsylvania law. In making this allegation, Appellant does not allege that the VDOC administered its library or housing policies in violation of his rights under constitutional or state law as required under a governmental interference claim. We addressed a similar claim in **Commonwealth v. Albrecht**, 994 A.2d 1091 (Pa. 2010), where the petitioner raised a Section 9545(b)(1)(i) claim that PDOC rules impaired his ability to prepare a *pro se* petition:

> Further, appellant claims the restricted incarceration status of capital inmates, including himself, constitutes governmental interference because such restricted status limits the ability of such inmates to prepare *pro se* PCRA petitions. Appellant fails to show any of the conditions of his incarceration were illegal, as required to meet the governmental interference exception to PCRA's timeliness requirement. **See** 42 Pa.C.S. § 9545(b)(1)(i) (governmental interference must violate United States or Pennsylvania Constitution or laws). Accordingly, appellant has not sufficiently developed his claim of governmental interference. **See Commonwealth v. Puksar**, 951 A.2d 267, 293-94 (Pa. 2008) (failure to develop claim waives it).

*Albrecht*, 994 A.2d at 1095. For the same reasons expressed in *Albrecht*, we reject Appellant's governmental interference claim. [3]

We note, additionally, that even if Appellant's claim possessed substantive merit, he fails to offer a reasonable explanation why, with the exercise of due diligence, he did not ascertain this alleged interference of government officials earlier and seek redress. *See Commonwealth v. Breakiron*, 781 A.2d 94 (Pa. 2001) (rejecting governmental interference

_____

[3] Appellant contends he had access to the prison library, but the four computers enabling online research were always occupied except for one time, when his research yielded no useful information. The bound "material relat[ing] to Pennsylvania law was insufficient at best," Appellant continues. Appellant's brief at 16. At some point during the course of his two year incarceration there, Appellant was moved to restricted quarters in the Transitional Housing Unit, which precluded visitations to the library. He was able to request information and materials from the library, but the library was unable to meet his requests, he says. *Id.* at 17.

Notably, Appellant does not indicate what the purpose of his legal research was or whether it pertained to filing a timely *pro se* collateral appeal. Indeed, his direct appeal was still pending for the first ten months of his Virginia incarceration. Even assuming such a purpose, we would reject his claim that the conditions at VDOC amounted to governmental interference with the filing of a timely PCRA petition. In *Commonwealth v. Barrett*, 761 A.2d 145 (Pa.Super. 2000), a prison's restrictive housing unit policy permitted petitioner to obtain library materials only by request slips and prohibited him from seeking legal assistance from other inmates. This Court affirmed the PCRA court's rejection of petitioner's governmental interference claim based on these restrictions. We stated "although [petitioner] may not have been permitted to prepare his PCRA petition in the manner he would have wished, prison officials did not prevent him from filing his petition in accordance with the timing requirements by reason of his confinement in the RHU." Similarly, Appellant's bald allegations of an inadequate library do not permit the inference that the VDOC prevented him from filing a timely PCRA petition.

exception where petitioner failed to offer reasonable explanation why, with the exercise of due diligence, alleged interference of government officials could not have been ascertained earlier). Appellant was presumptively aware that this Court had denied his direct appeal, yet it appears he allowed a year to lapse before he attempted to inquire seriously about his collateral appeal rights. To this point, there is no indication of record that he ever informed VDOC or PDOC personnel about his problems or attempted to contact family, friends, or a lawyer asking what, if any, appellate rights remained at his disposal. Indeed, by his own account, he attempted in vain to conduct legal research in Virginia for the better part of a year without ever lodging a complaint about the alleged interference he was experiencing. Appellant's conduct, therefore, fails to satisfy the due diligence requirement of Section 9545(b)(2).[4]

The remainder of Appellant's claim does not plead or prove time bar exceptions, but, instead, recounts alleged oversights of both prior PCRA

_____

[4] Aside from Appellant's failure to adhere to the 60-day requirement of Section 9545(b)(2), we note that he had the opportunity in his first PCRA petition to raise the underlying governmental interference exception to the time-bar, but he failed to do so. This claim is, therefore, also waived. **See Commonwealth v. Turetsky**, 925 A.2d 876, 879 (Pa. Super. 2007) (holding claim waived where "it could have been raised prior to the filing of the PCRA petition, but was not."). (citation omitted); **see also** 42 Pa.C.S.A. § 9544(b) (stating, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding.").

counsel and the PCRA court that occurred *after* the PCRA time-bar had already applied to his case.  As we lack jurisdiction to entertain such claims, they can offer him no relief.

Accordingly, we discern no error with the PCRA court's dismissal of Appellant's petition as untimely, as the court was without jurisdiction to review the merits of Appellant's claim.

Order is AFFIRMED.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/19/2017