J-S25018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM J. FAULKNER | : | |
| | : | |
| Appellant | : | No. 1267 WDA 2017 |

Appeal from the PCRA Order August 7, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004526-2009

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                **FILED AUGUST 31, 2018**

William J. Faulkner appeals from the order entered in the Allegheny County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court accurately summarized the history of this case. ***See*** PCRA Court Opinion, filed 11/28/17, at 1-5. Therefore, a detailed recitation of the factual and procedural history is unnecessary.

Briefly, on February 2, 2011, Appellant was convicted of first-degree murder, robbery, burglary, criminal conspiracy, firearms not to be carried without a license, and two counts each of recklessly endangering another person and unlawful restraint. This Court affirmed his judgment of sentence, and following the Pennsylvania Supreme Court's denial of appeal, Appellant's judgment of sentence became final on May 14, 2013.

Appellant filed his first *pro se* PCRA petition on November 3, 2015. The PCRA court appointed counsel. While Appellant acknowledged his current petition was untimely, he asserted that a breakdown in the court system led to an earlier, timely PCRA petition, not being filed. Because this earlier petition was timely, he asserted that his current claims, which he also raised in his "first" PCRA petition, should be entertained.

The PCRA court held a hearing. Appellant testified that he mailed a PCRA petition on March 11, 2013, and presented a monthly accounting statement that indicated Appellant mailed something in March 2013. But the postage paid, just twenty cents, does not correspond to the cost of mailing a letter. The Commonwealth presented evidence that Appellant had mailed four items to the Clerk of Courts between 2014 and 2015, all of which were docketed and timestamped. Following the hearing, the PCRA court denied Appellant's PCRA petition as untimely, finding Appellant's testimony incredible and therefore insufficient to prove that his earlier petition was timely. This appeal follows.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. ***See id***.

On appeal, Appellant attacks the PCRA court's findings of facts and conclusions of law as logically flawed. ***See*** Appellant's Brief, at 3 ¶¶ 1-2, 11-21. Appellant contends he proved that he filed a PCRA petition within the one-

year PCRA period under the "prisoner mail box rule."[1] *Id*., at 22-26. Therefore, Appellant asserts he is entitled to review of his underlying PCRA issues. *See id*., at 27.

The PCRA court, in its November 28, 2017 opinion, has methodically reviewed his claims and disposed of these arguments on the merits. We have reviewed the parties' briefs, the relevant law, the certified record, and the well-written opinion of the Honorable Jill E. Rangos. Judge Rangos's opinion comprehensively disposed of Appellant's arguments with appropriate references to the record and without legal error.[2] Accordingly, we affirm the PCRA court's order based on Judge Rangos's opinion filed November 28, 2017.

Order affirmed.

---

[1] The "prisoner mail-box rule" provides that when a prisoner is proceeding *pro se*, and files an appeal by mail, the notice of appeal is deemed filed "on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). *See also Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa. Super. 1998) (holding that the prisoner mailbox rule is applicable to petitions flies pursuant to the PCRA).

[2] The PCRA court opinion incorrectly concludes that Johnson's judgment of sentence became final on February 13, 2013. *See* PCRA Court Opinion, 11/28/17, at 6. However, as noted above, Faulkner's judgment of sentence did not become final until May 14, 2013—when his time for filing a writ of *certiorari* with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13. This error does not affect Judge Rangos's reasoning and thus does not affect our decision to affirm based on her opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2018

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

WILLIAM J. FAULKNER,

Appellant

Appeal of:

WILLIAM J. FAULKNER,

Appellant

CRIMINAL DIVISION

**CC No. 200904526**

**OPINION**

Honorable Jill E. Rangos
Courthouse
Room 326
436 Grant Street
Pittsburgh, PA   15219

Copies to:

George A. Mizak, Esq.
419 Hastings St.
Pittsburgh, PA 15206

Michael Streily
Office of the District Attorney
401 County Courthouse
436 Grant St.
Pittsburgh, PA   15219

ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA      CRIMINAL DIVISION

v.      **CC No. 2009-04526**

WILLIAM J. FAULKNER,

Appeal of:

WILLIAM J. FAULKNER,

Appellant

## OPINION

**RANGOS, J.**      **November 28, 2017**

Appellant, William J. Faulkner, appeals the August 7, 2017 Order of Court dismissing his Post-Conviction Relief Act (PCRA) Petition. On February 2, 2011, a jury convicted Appellant of Murder in the First Degree, Robbery-Inflict Serious Bodily Injury, Burglary, Firearms Not to Be Carried without License, two counts of Unlawful Restraint/Involuntary Servitude, two counts of Recklessly Endangering another Person, and Criminal Conspiracy.[1] On April 27, 2011, Appellant was sentenced to life without the possibility of parole for the Murder count, with a consecutive sentence of ninety to two hundred forty months on the Robbery count, and a concurrent sentence of thirty to eight-four months on Firearm Not to Be Carried without a License count. This Court imposed no further penalty at remaining counts.[2] The Superior Court affirmed this Court's decision on August 20, 2012.

---

[1] 18 Pa.C.S. §§ 2502 (A), 3701 (A) (1) (I), 3502 (C) (1), 6106 (A) (1), 2902 (A) (2), 2705, 903 (A) (1), respectively.

[2] For a more detailed procedural and factual summary, see Trial Court Opinion, Jan. 20, 2012.

2

On November 3, 2015, Appellant filed, *pro se,* a Petition for Post-Conviction Relief. This Court denied the petition after a hearing on August 4, 2017. Appellant filed a Notice of Appeal on September 1, 2017, and a Concise Statement of Errors Complained of on Appeal on September 27, 2017.

## MATTERS COMPLAINED OF ON APPEAL

Appellant alleges that this Court erred in finding his PCRA Petition untimely. Specifically, Appellant alleges that this Court erred in finding Appellant's testimony not credible on the issue of postage deductions from his prison account. Appellant next alleges that this Court misconstrued his testimony at the PCRA hearing, causing the Court to inaccurately conclude that Appellate provided inconsistent testimony. Finally, Appellant alleges that this Court's finding of fact was unsupported by the record.

## SUMMARY OF THE EVIDENCE

At the PCRA Hearing on August 4, 2017, Appellant testified on his own behalf (Transcript of PCRA Hearing on Aug. 4, 2017 hereinafter "PT" at 2) and a statement from Appellant's counsel on direct appeal, Scott Coffey, was read into evidence. (PT 4) Coffey's statement indicated that he no longer had records about any correspondence to Appellant regarding his PCRA petition, but he would have in his normal course of his practice sent a letter to Appellant informing him of his right to appeal and the steps he would need to take to do so. (PT 4-5) Coffey's statement further indicated that "he was quite certain that was his letter to [Appellant] and that he would have mailed it on the date appearing on the document. However, he would have no way of knowing if or when it was received by [Appellant]." (PT 5)

Appellant testified that he received the February 16, 2013 letter indicating that his appeal had been denied. (PT 7) This letter contained instructions for what Appellant needed to do to pursue his appeal further. *Id.* Appellant testified that after he received the letter from Coffey, he sent four copies

3

of a PCRA petition in one envelope addressed to the Clerk of Courts. (PT 8-9) Appellant testified that he wrote the Petition on March 1, 2013 and placed it in the mailbox a week or two afterwards, because it took him that amount of time to make copies. (PT 10) He testified that he used a free envelope, to which he attached a cash slip receipt. (PT 11) Appellant stated that the receipt established that the PCRA petition had been sent out, because the slip confirms that the jail took money on that date from his account for postage. *Id.* Appellant testified that he lost the receipt, which occurred when he was transported between prison facilities. (PT 13). Appellant testified that he made copies between March 11 and March 14, 2013, and that he placed those documents in the mail during that time period. (PT 14) Appellant testified that March 11, 2013 was the date he put his initial PCRA Petition in the mailbox and that the postage for it was deducted from his account on March 14, 2013. *Id.*

Appellant further testified that he waited until November 3, 2015 to check the status of his PCRA petition because he was under the mistaken impression that responses to PCRA can potentially take years. (PT 16) He stated that once he received his docket sheet, he realized that the PCRA petition was not on the docket. *Id.* He filed a second PCRA Petition on November 3, 2015. (PT 17) Appellant testified that he was not able to read the letter from Coffey, but his cellmate had explained the letter to him. *Id.* Appellant testified that he requested Coffey to continue as his lawyer for his PCRA Petition because Coffey's letter advised him to make that request. (PT 19)

Appellant testified that he didn't understand from Coffey's letter where to mail his filing. (PT 20) However, he admitted that the letter instructed him where to file his PCRA Petition. *Id.* He stated that he wasn't able to follow the filing instructions, but he was able to follow other directions from the letter after they were explained to him by his cellmate. (PT 20-21) He testified that his

4

cellmate helped him file documents with the Department of Court Records[3] including a *pro se* motion to appoint new counsel prior to trial. (PT 21) He stated that he did not know about the forms that Coffey advised him to file. (PT 23)

The Commonwealth presented three letters addressed to the Clerk of Courts dated August 27, 2014, September 2, 2014, and October 27, 2014, which were sent by Appellant and timestamped by the Clerk of Courts. (PT 25-26) Appellant admitted that he sent the letters. (PT 26) The Commonwealth also presented a letter addressed to the Allegheny County Courthouse Department of Court Records, dated August 20, 2015, also timestamped. (PT 28) Appellant acknowledged that all of these letters he sent were received and timestamped. *Id.* He stated that he did not know why the PCRA Petition did not get properly docketed. (PT 29) Appellant stated that he responded to Coffey's directions to the best of his ability. (PT 31)

Appellant stated that the document entitled PCRA Motion attached to the November 3, 2015 petition was the original copy of the motion which he wrote on March 1, 2013. (PT 45) He stated that the items mailed in 2013 were copies. (PT 46) He stated he mailed the originals in 2015 because he did not have the money to make copies. (PT 46)

## DISCUSSION

Before addressing the merits of the issues raised, Appellant must establish that his PCRA petition is timely filed. 42 Pa.C.S. § 9545(b). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015). The "one-year limitation is a jurisdictional rule that precludes consideration of the merits of any untimely PCRA petition, and it is strictly

---

[3] In Allegheny County, the Clerk of Courts office was renamed the Department of Court Records. Appellant used the terms interchangeably during his testimony.

enforced in all cases, including death penalty appeals." *Whitney v. Horn,* 280 F.3d 240, 251 (3d Cir. 2002). "A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Commonwealth v. Brown.* 111 A.3d at 175 (*see* 42 Pa.C.S. § 9545 (b) (3)). "The PCRA's time limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. The period for filing a PCRA petition "is not subject to the doctrine of equitable tolling." *Commonwealth v. Rizvi,* 166 A.3d 344, 347 (Pa. Super. 2017) (citations omitted).

In *Commonwealth v. Barnes,* 2013 WL 11258838 (Pa. Super. 2013), the Superior Court of Pennsylvania affirmed the dismissal of a PCRA Petition as untimely. *Commonwealth v. Barnes,* 2013 WL 11258838 (Pa. Super. 2013). "Appellant claimed...that he handed his petition to prison authorities prior to the deadline on July 1, 2010. If true, this would render his petition timely by application of the prisoner mailbox rule." *Id.* at *3. "The court determined as fact that 'no copy of the PCRA Petition had been submitted to the prison authorities or the Court at any time prior to December 27, 2010.'" *Id.* The Court ultimately found that Appellant's evidence was not credible, and therefore the Appellant's petition was untimely. *Id.* at *4. "[J]ust as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on the appellate courts." *Id.*

Appellant's judgment became final on February 13, 2013, following the denial of the Petition for Allowance of Appeal. Appellant filed his motion over two years later on November 3, 2015. Appellant argues that he filed his Petition in March of 2013, which would have made his Petition timely. This Court determined that Appellant was not a credible witness, as his testimony was inconsistent, and he did not produce evidence that corroborated his testimony. For example, Appellant stated that he put the Petition in the mail in March 2013, but that he lost the receipt which

6

could have confirmed the mailing. Appellant further stated the Petition was lost in the mail, and that he did not question the lack of response because he believe that the PCRA process can take an exceedingly prolonged amount of time.

Furthermore, Appellant alleges that the 20 cents charged for postage on March 11, 2013 establishes that he mailed the Petition on that date. However, the amount deducted does not correspond to the cost of the first class mail Appellant alleges that he mailed. (PT 14) Additionally, Appellant was able to send mail to several locations over the course of the following year without incident. (PT 28) He also was able to follow the majority of Coffey's instructions, but alleges that he was not able to follow the mailing instructions for a PCRA. (PT 20-21) This Court's finding that Appellant is not a credible witness was supported by the evidence and, therefore, his petition is untimely.[4]

## CONCLUSION

For all of the above reasons, no reversible error occurred and the findings and rulings of this Court should be AFFIRMED.

BY THE COURT:

_____ J.
JILL E. RANGOS

---

[4] Three statutory exceptions to the timeliness provisions allow for limited circumstances under which the late filing of a petition will be excused. *Commonwealth v. Brown*, 111 A.3d at 175 (see 42 Pa.C.S. 9545 (b) (1) (i-iii). Appellant has raised no statutory exceptions to timelessness requirement. Therefore, the issue need not be addressed further. The PCRA court and this Court has no power to address the substantive merits of the [Appellant]'s PCRA claims. *Id.* at 176 (citing *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this OPINION was mailed

to the following individuals by first class mail, postage prepaid on the 28th day of November, 2017.

George A. Mizak, Esq.
419 Hastings St.
Pittsburgh, PA 15206

Michael Streily
Office of the District Attorney
401 County Courthouse
Pittsburgh, PA 15219

James J. Robertson
Law clerk for Judge Jill E. Rangos

8