J-S82006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ALSTON | : | |
| | : | |
| Appellant | : | No. 3031 EDA 2017 |

Appeal from the PCRA Order September 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004487-2009,
CP-51-CR-0012177-2009

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 24, 2019**

Michael Alston appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm on the basis of the opinion authored by the Honorable Susan I. Schulman.

On June 6, 2011, Alston entered a negotiated guilty plea to two counts of robbery and one count each of carrying a firearm without a license and possession of instruments of crime ("PIC") in conjunction with two gunpoint robberies of food delivery people.  Pursuant to the plea agreement, the trial court sentenced Alston to two concurrent terms of 4 to 10 years' imprisonment for the robbery convictions, followed by 5 years' probation for the firearms

_____

*   Retired Senior Judge assigned to the Superior Court.

offense. The court imposed no further penalty on the PIC conviction. Alston filed neither a post-sentence motion to withdraw his plea nor a direct appeal.

On November 21, 2011, Alston filed a *pro se* PCRA petition alleging his plea was entered involuntarily as a result of plea counsel's ineffectiveness. Counsel was appointed and filed an amended petition in which he asserted that "counsel discounted important evidence and overstated the likelihood of possible sentences." Second Amended PCRA Petition (Memorandum of Law), 8/11/16, at [2]. Specifically, Alston claimed that counsel ignored evidence demonstrating that a different firearm was employed than the one he was charged with using; he was not identified in two line-ups; and the complaining witness was using Xanax, which causes memory loss. *See* Second Amended PCRA Petition, 8/11/16, at ¶ 10. Alston also asserted that counsel told him if he did not accept the plea offered by the Commonwealth, "the judge would give him 4 to 10 years to run separately for a total of 20 to 40 years for four counts of possession of a firearm, even if he was found not guilty on the robberies." *Id.*

On July 17, 2017, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 and, on September 8, 2017, the court dismissed Alston's petition. Alston filed a timely notice of appeal to this Court, followed by a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Alston raises the following issue for our review: "Did the [PCRA] court err in failing to hold an evidentiary hearing where [Alston raised] substantial issues of material fact in his PCRA petition?" Brief of Appellant, at 8.

We begin by noting that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa. Super. 2017).

The PCRA court concluded that Alston's claims were meritless. In doing so, the court noted that Alston never asserted that he was unaware of the purportedly favorable evidence when he entered his plea, and that he unequivocally acknowledged his waiver of his right to present witnesses and other evidence on his own behalf. *See* N.T. Plea Hearing, 6/6/11, at 5; Written Plea Colloquy, 6/6/11, at 2. Alston further acknowledged that he was satisfied with his counsel's representation and that he was not threatened or promised anything in exchange for his plea. *See* N.T. Plea Hearing, 6/6/11, at 7; Written Plea Colloquy, 6/6/11, at 1. Moreover, Alston was advised of the maximum possible aggregate penalty for the crimes to which he was pleading guilty. *See* N.T. Plea Hearing, 6/6/11, at 7.

We have reviewed the certified record, the briefs of the parties, the relevant law, and the well-reasoned opinion of Judge Schulman, and find that the opinion of the PCRA court thoroughly, comprehensively and correctly disposes of the issues Alston raises on appeal. Accordingly, we affirm based on Judge Schulman's opinion. Counsel is directed to attach a copy of the PCRA court opinion in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/24/19