J-S64044-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN L. WILKINS, SR. | : | |
| | : | |
| Appellant | : | No. 1282 WDA 2019 |

Appeal from the PCRA Order Entered June 28, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001235-2015,
CP-22-CR-0003382-2002

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          FILED DECEMBER 13, 2019

Allen L. Wilkins, Sr. (Wilkins) appeals pro se from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On Case No. CP-22-CR-3382-2002, Wilkins was convicted by a jury of, among other offenses, Attempted Murder and sentenced to 12 to 24 years' imprisonment.   On direct appeal, this Court affirmed the judgment of sentence.  See Commonwealth v. Wilkins, 897 A.2d 524 (Pa. Super. 2006). He then filed a petition for allowance of appeal that was denied on July 12, 2006.  See Commonwealth v. Wilkins, 902 A.2d 1241 (Pa. 2006).  Because Wilkins did not seek discretionary review in the United States Supreme Court,

_____

[*] Retired Senior Judge assigned to the Superior Court.

his judgment of sentence became final 90 days after the denial of his petition for allowance of appeal, which would have been October 10, 2006. Since that time, Wilkins has filed numerous PCRA petitions that have been denied. Most recently, this Court affirmed the denial of three motions that were treated as petitions for relief under the PCRA because Wilkins failed to plead or prove any exception to the PCRA's time bar. See Commonwealth v. Wilkins, No. 297 MDA 2017 (Pa. Super. filed September 21, 2017).

On Case No. CP-22-CR-1235-2015, Wilkins entered a plea of nolo contendere to barratry and on September 25, 2015, was sentenced to serve 12 months' probation consecutive to Case No. CP-22-CR-3382-2002. He filed a direct appeal that this Court dismissed for filing a defective brief. See Commonwealth v. Wilkins, No. 1877 MDA 2015 (Pa. Super. filed June 6, 2016). Wilkins then filed a petition for allowance of appeal that our Supreme Court denied on March 14, 2017. See Commonwealth v. Wilkins, 169 A.3d 6 (Pa. 2017). He did not seek discretionary review in the United States Supreme Court. Consequently, the judgment of sentence became final on June 12, 2017.

On February 1, 2019, Wilkins filed a "plea agreement PCRA" that the PCRA court treated as a petition for relief under the PCRA. In the petition's caption, Wilkins listed the docket numbers for both of his cases. On May 16, 2019, the PCRA court issued notice of its intent to dismiss the petition under Pa.R.Crim.P. 907(a)(1) with an accompanying opinion explaining that Wilkins

had failed to plead any timeliness exception to the PCRA time bar. After he responded, the PCRA court entered a June 28, 2019 order dismissing the petition. Wilkins timely appealed.[1]

We first address the timeliness of the petition because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of a petition. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007) (PCRA time limitations implicate jurisdiction and may not be altered or disregarded to address the merits of a petition). Any petition for relief filed under the PCRA, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) are applicable:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

_____

[1] This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. See Commonwealth v. Rizvi, 166 A.3d 344, 347 (Pa. Super. 2017).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

As noted above, Wilkins listed both of his cases in his PCRA petition. On Case No. CP-22-CR-3382-2002, the judgment of sentence became final in October 2006, while the judgment of sentence on Case No. CP-22-CR-1235-2015 became final on June 12, 2017, which means Wilkins had until June 12, 2018, to timely file his petition if he wished to collateral attack his judgment of sentence. However, as the PCRA court found, Wilkins did not plead or prove any exception to the PCRA's time bar in his petition, nor does he attempt to argue in his brief that any of the above-listed exceptions apply. We, therefore, agree with the PCRA court that the petition was untimely.

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn, Esq.* (signature)

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2019