J-S71042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HOWARD MILLER | : | |
| | : | |
| Appellant | : | No. 1496 EDA 2019 |

Appeal from the PCRA Order Entered May 7, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0904411-2004

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 7, 2020**

Howard Miller appeals from the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court denied Miller's PCRA petition as untimely. We affirm.

A jury found Miller guilty of robbery of motor vehicle and possessing instruments of crime.[1] The trial court sentenced Miller to 10 to 20 years' imprisonment followed by five years' reporting probation, and we affirmed the judgment of sentence. *Commonwealth v. Miller*, 938 A.2d 1117 (Table) (Pa.Super. 2007). The Pennsylvania Supreme Court denied allowance of appeal on March 12, 2008. *Commonwealth v. Miller*, 945 A.2d 168 (Table) (Pa. filed March 12, 2008).

---

[1] 18 Pa.C.S.A. §§ 3702(a) and 907(a), respectively.

Miller filed his first timely petition in October 2007. The PCRA court denied it and we affirmed. **Commonwealth v. Miller**, 986 A.2d 1260 (Table) (Pa.Super. 2009), *appeal denied*, 5 A.3d 819 (Table) (Pa. filed September 8, 2010).

Miller filed the instant PCRA petition on September 5, 2017, claiming trial counsel was ineffective. He also asserted the governmental interference exception to the PCRA's time-bar. He argued "not being able to adequately have access to the law library, and when [Miller was] able [to have access], new cases [sic] not updated until months later, falling outside the 60 day requirement." PCRA Petition, filed 9/5/17, at ¶ 15.

The PCRA court issued notice of its intent to dismiss the petition without a hearing and Miller replied to the notice. **See** Pa.R.Crim.P. 907; 907 Notice, filed 1/3/19; Objection to 907 W/ Appearance of Judicial Corruption, filed 1/14/19. The PCRA court denied the PCRA petition and this timely appeal followed.

Miller raises the following issues:

1. Whether Fraud upon the [c]ourt exists?

2. Whether the State and Federal Courts actions in similar cases have created a precedent that the State Courts should follow when Fraud upon the [c]ourt occurs. 42 Pa. C.S. 5505[?]

Miller's Br. at 3.

We do not address the merits of Miller's claims because his PCRA petition is untimely. A petitioner has one year after the judgment of sentence becomes

final to file a PCRA petition. When a petitioner files a PCRA petition after that deadline, the petitioner bears the burden of pleading and proving at least one of the PCRA's time-bar exceptions. These exceptions are:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must raise the exception within 60 days that the claim could have been raised. *Id.* at § 9545(b)(2).[2]

Here, Miller's judgment of sentence became final on June 10, 2008, when the time to file a writ of *certiorari* with the United States Supreme Court expired. U.S.Sup.Ct. Rule 13. Therefore, the one-year deadline expired on June 10, 2009. Thus, his petition filed eight years later is patently untimely.

_____

[2] This subsection has been amended and now reads that the exception shall be invoked "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). The amendment applies only to claims arising on or after December 24, 2017. It is unclear when the claim here arose, but we need not reach that question because Miller's allegations do not suffice to raise the governmental interference exception.

Acknowledging this fact, Miller claims the governmental interference exception. Miller thus was required to plead and prove that his failure to raise the claim of ineffective assistance of counsel "previously was the result of interference by government officials with the presentation of the claim . . . in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States . . . ." **Commonwealth v. Chester**, 895 A.2d 520, 523 (Pa. 2006) (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)) (emphasis removed). Miller maintains that the interference here was his limited access to the prison library. However, such a claim does not constitute as a governmental interference. **See Commonwealth v. Rivzi**, 166 A.3d 344, 348 (Pa.Super. 2017) (affirming denial of PCRA petition where petitioner raised governmental interference exception for untimely PCRA petition for limited time in prison library). As such, because Miller failed to plead and prove a time bar exception, no relief is due. Therefore, we affirm the denial of Miller's PCRA petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2020