J-S71015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
            :  PENNSYLVANIA
            :
    v.       :
            :
            :
LUIS MORALEAS     :
            :
    Appellant   : No. 1488 EDA 2019

Appeal from the PCRA Order Entered April 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009406-2015

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:      Filed: April 9, 2020

Luis Moraleas appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant committed an armed robbery of a Rent-A-Center store on May 23, 2015, and was charged with, *inter alia*, robbery, possession of firearm prohibited, firearms not to be carried without a license, theft by unlawful taking, receiving stolen property, carrying firearms in public in Philadelphia, possession of an instrument of crime, simple assault, and recklessly endangering another person. On April 18, 2017, Appellant entered a negotiated guilty plea, under which he agreed to plead guilty to robbery and possessing an instrument of crime and receive standard-range sentences of ten to twenty years and two to four years, respectively, and the Commonwealth agreed to *nolle pros* the remaining counts. The trial court accepted the plea and imposed the agreed-upon sentence.

Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition raising the claim that plea counsel supplied Appellant with erroneous information about the maximum sentence he faced, and thereby induced him to enter an involuntary plea. Amended PCRA Petition, 2/5/18, at ¶ 8. After several continuances, a hearing was held at which plea counsel and Appellant testified. On April 16, 2019, the PCRA court denied Appellant's petition.

Appellant filed a timely notice of appeal and unprompted statement of errors complained of on appeal. The PCRA court authored an opinion pursuant to Pa.R.A.P. 1925(a), and the matter is ripe for our review. Appellant presents the following issues to this Court:

1. Whether the PCRA court erred by dismissing the PCRA petition when evidence was presented that [plea] counsel's communication of an erroneous and illegal maximum sentence created an unlawfully induced guilty plea.

2. Whether [A]ppellant was denied his constitutional right to effective assistance of counsel based on [plea] counsel's determination and communication of an incorrect and illegal sentence.

3. Whether there was sufficient evidence presented to establish that [A]ppellant's guilty plea was unlawfully induced based on [plea] counsel's ineffectiveness.

Appellant's brief at 7.

We begin with a review of the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is

free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa.Super. 2017). "The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party[.]" ***Commonwealth v. Smallwood***, 155 A.3d 1054, 1059 (Pa.Super. 2017). "It is well established that a PCRA court's credibility findings are to be afforded great deference and where . . . they are supported by the record, such determinations are binding on an appellate court." ***Commonwealth v. Montalvo***, 205 A.3d 274, 290 (Pa. 2019). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Miner***, 44 A.3d 684, 688 (Pa.Super. 2012).

Substantively, Appellant's claims concern his constitutional right to the effective assistance of counsel. Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. ***Commonwealth v. Becker***, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove that (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. ***Id***. The failure to establish any prong is fatal to the claim. ***Id***. at 113. "In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa.Super. 2017).

All three of Appellant's arguments are based upon his factual contention that plea counsel informed him that, if he did not accept the Commonwealth's plea offer, he would be subject to a mandatory third-strike sentence of twenty-five to fifty years of imprisonment pursuant to 42 Pa.C.S. § 9714(a)(2), when in actuality the convictions at issue only constituted his second strike and subjected him to a mandatory minimum of ten to twenty years of confinement under 42 Pa.C.S. § 9714(a)(1). *See* Appellant's brief at 11, 13-14. Appellant maintains that he would not have agreed to the aggregate sentence of twelve to twenty-four years had he been given accurate information about the applicability of the statute. *Id*. at 13.

At the PCRA hearing, the parties stipulated that the convictions in this case amounted to Appellant's second strike, not his third.[1] The evidence before the PCRA court also established that the Commonwealth's written offer sheet incorrectly indicated that the conviction would be Appellant's third strike. *See* N.T. PCRA Hearing, 4/16/19, at 8, 13.

---

[1] Our Supreme Court has held that 42 Pa.C.S. § 9714 must be construed "to allow for heightened punishment for repeat offenders only where their convictions for crimes of violence, and corresponding terms of incarceration, are sequential and each is separated by an intervening opportunity to reform." *See Commonwealth v. Shiffler*, 879 A.2d 185, 186 (Pa. 2005). In the instant case, Appellant committed five robberies in 2003, but was not convicted of any of them until 2005. *See* N.T. PCRA Hearing, 4/16/19, at 15-16. The 2015 robbery at issue herein was the first violent crime Appellant committed after he served his prior sentences and had the opportunity to reform. Thus, the instant conviction constituted only his second for purposes of 42 Pa.C.S. § 9714.

Appellant testified that counsel both provided the written offer indicating that he was a third-strike offender, and orally informed him that the conviction was strike three. *See id*. at 21. Appellant also stated that it was his understanding that, as a result, he faced life imprisonment if he did not accept the Commonwealth's offer. *Id*. at 21-22. Appellant further testified that at no time in his discussions with plea counsel did counsel inform him that he was only on his second strike or that life imprisonment was not a possible sentence. *Id*. at 22. Appellant represented that he would not have pled guilty had counsel supplied accurate information about the mandatory minimums. *Id*. at 22-23.

It is this testimony upon which Appellant relies in arguing that the PCRA court erred in denying his petition. He contends that the above evidence established that counsel supplied constitutionally deficient advice, that his plea was unlawfully induced by counsel's misinformation, and that he was prejudiced by counsel's performance. *See* Appellant's brief at 11-14.

However, Appellant virtually ignores that plea counsel testified that, in discussing the Commonwealth's offer, he did inform Appellant that the third-strike reference was erroneous. *See* N.T. PCRA Hearing, 4/16/19, at 8-9. "I know I told him that was a mistake. I said I did know it was -- to my -- to my knowledge, by looking at the transcript, I knew it would have been his second strike, this conviction."). Plea counsel stated that he nonetheless advised Appellant to take the deal for twelve to twenty-four because, given

the absence of a viable defense, Appellant's criminal history and the corresponding guideline recommendation of twelve years to the statutory maximum on the robbery conviction, Appellant was likely to be sentenced to twenty to forty years if he proceeded to trial. *See id*. at 18 ("I know for a fact that I told him I believe it'd be 20 to 40. . . . That's why I thought the 12 to 24 was pretty good.").

Hence, there were competing versions of the facts. Appellant argued that the PCRA court should credit his testimony because it is supported by the only documentary evidence of the event, *i.e.*, the Commonwealth's written offer sheet. *See id*. at 28. However, the PCRA court found plea counsel credible and Appellant incredible, and thus concluded that Appellant did have accurate information from plea counsel at the time he pled guilty. *See* PCRA Court Opinion, 7/8/19, at 7. *See also* N.T. PCRA Hearing, 4/16/19, at 30 (PCRA court finding that plea counsel "was clear that he conveyed to [Appellant] that it was not a third strike and that the smart room offer was the best that he could recommend"). As the PCRA court's determination is supported by the record, we are bound by it. *See Montalvo*, *supra* at 290. Therefore, Appellant is unable to demonstrate his right to relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/9/20</u>