J-S78021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMANUEL COLES | : | |
| | : | |
| Appellant | : | No. 3366 EDA 2017 |

Appeal from the PCRA Order Entered September 27, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010550-2009

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 04, 2019**

Demanuel Coles appeals from the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He maintains the PCRA court erred in denying his petition for relief because his trial counsel did not file a direct appeal with this Court, and therefore the PCRA court should have reinstated his appellate rights *nunc pro tunc*. We affirm.

The trial court aptly summarized the procedural history of this case as follows:

> On November 8, 2010, the Defendant Demanuel Coles ("Defendant") appeared before the Honorable Chris R. Wogan and pleaded guilty to aggravated assault as a felony of the second degree. The [c]ourt sentenced him to eleven and one-half to twenty-three months of incarceration, followed by fifty-four months of probation.
>
> ***
>
> [O]n June 18, 2013, the court determined that [Coles] had violated his probation and revoked it. On August 23, 2013, [] -

_____
*   Former Justice specially assigned to the Superior Court.

> Judge Wogan further sentenced [Coles] to eleven to twenty-two years of imprisonment followed by three years of probation after a hearing regarding his violation of probation.[1]
>
> On January 6, 2015, [Coles] filed a Post-Conviction Relief Act ("PCRA") petition *pro se*. On May 8[,] 2017, appointed counsel filed an amended PCRA petition alleging that[sic] ineffective assistance of counsel for failing to file [Coles'] requested appeal. On September 27, 2017, this [c]ourt dismissed [Coles'] PCRA petition and denied [Coles'] request for relief under the PCRA.

PCRA Court Pa.R.A.P. 1925(a) Opinion ("PCO"), filed January 11, 2018, at 1-2. The amended petition did not address whether the petition was timely or if one of the time-bar exceptions to the PCRA applied. This timely appeal followed.

Coles presents one issue for our review: "Did the court err by dismissing the PCRA petition?" Coles' Br. at 3 (suggested answer omitted).

Our standard of review for the denial of a request for PCRA relief "is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723 (Pa. 2003). Before we address the merits of an appeal from the denial of such a request, we must first determine the timeliness of the petition as the PCRA is jurisdictional in nature. **See id.** at 723. A court, including this Court, may not address the merits of an untimely PCRA petition, unless at least one of the

---

[1] Coles filed a post-sentence motion which the trial court granted on September 20, 2013. The same day, the court reimposed its original sentence of 11 to 22 years' incarceration followed by three years of reporting probation. **See** Docket, CP-51-CR-0010550-2009.

time-bar exceptions applies. *See Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017).

The PCRA provides that a timely PCRA petition is one that is filed within one year of the judgment of sentence being final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). When a petitioner files an untimely PCRA petition, they must plead and prove one of the following time-bar exceptions:

(i)     The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   The right asserted in a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition asserting one of the time-bar exceptions must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[2]

Here, Coles' judgment of sentence became final on October 21, 2013, when the time to appeal to this Court expired.[3] **See** Pa.R.A.P. 903(a). Therefore, he had until October 21, 2014 to file a timely PCRA petition. Coles filed the instant petition on January 6, 2015, approximately three months beyond the deadline. The petition was untimely and therefore the trial court was without jurisdiction to entertain the petition unless Coles pled and proved at least one of the time-bar exceptions. **See Rizvi**, 166 A.3d at 349.

In his PCRA petition, as well as in his appellate brief, Coles fails to address the timeliness of his petition and has not pleaded or proved one of the time-bar exceptions. He notes that he "did not know that he had a one year time period to appeal after the judgment became final." Coles' Br. at 11. However, he does not explain when he was alerted of counsel's failure or why he could not have ascertained this information earlier with due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). "Due diligence demands that the petitioner take

_____

[2] The legislature amended Section 9545(b)(2) on December 24, 2018, changing the time to assert a time-bar exception from 60 days to one year. However, the amendment applies only to claims arising on December 24, 2017 or thereafter. Therefore, Coles had 60 days from the date he was made aware of the time-bar exception to file a subsequent PCRA petition.

[3] The 30 day deadline fell on a Sunday, so Coles had until the following Monday to file a timely petition. **See** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation").

reasonable steps to protect his own interests." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa.Super. 2010). Additionally, his claim that trial counsel failed to file a direct appeal, "does not save [Coles'] PCRA petition from the timeliness requirements of Section 9545(b)." ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa.Super. 2001). Therefore, the trial court's decision to dismiss Coles' PCRA petition is "supported by the record and free of legal error." ***Abu-Jamal***, 833 A.2d at 723; ***see also Commonwealth v. Wilson***, 824 A.2d 331, 336 (Pa.Super. 2003) (*en banc*) (holding that appellant's claim that trial counsel failed to file an appellate brief did not relieve him of the timeliness requirements of the PCRA).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/19