J-S24021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOHN GRIFFIN | : | |
| Appellant | : | No. 2849 EDA 2018 |

Appeal from the PCRA Order Entered September 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0214273-1975

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED AUGUST 12, 2019**

John Griffin appeals from the order dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 1974, Griffin was convicted by a jury of first-degree murder and criminal conspiracy for the strangulation of a fellow prison inmate. The court sentenced Griffin to mandatory life imprisonment. This Court affirmed Griffin's judgment of sentence in 1979, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on April 1, 1980. Between 1985 and 2012, Griffin filed multiple unsuccessful petitions under the PCRA and its predecessor, the Post Conviction Hearing Act. **See** Trial Court Opinion, filed 11/21/18, at 1-2.

Relevant to the instant appeal, Griffin filed his fourth petition on September 4, 2003. In that petition, he asserted, *inter alia*, that at a discovery

_____

* Former Justice specially assigned to the Superior Court.

hearing prior to trial, the court had ordered the Commonwealth to provide Griffin's attorney with the complete criminal record of a Commonwealth witness, Calvin Hunter;[1] the Commonwealth had provided a criminal record showing only one conviction for burglary. However, Hunter had a more extensive criminal record than the prosecution had disclosed during trial— including robbery, fraud, and additional burglary convictions. Griffin asserted that on July 11, 2003, less than 60 days prior to the filing of the petition, two investigators had uncovered the remainder of Hunter's criminal convictions. Griffin argued that previous investigators and prior counsel had been unable to obtain any additional information regarding Hunter's criminal record. Griffin alleged that the Commonwealth had violated **Brady v. Maryland**, 373 U.S. 83 (1963), by suppressing Hunter's criminal history and misleading his trial counsel. Griffin asserted his 2003 PCRA petition was timely under both the governmental interference and newly discovered facts exceptions to the PCRA time bar. **See** 42 Pa.C.S.A. §§ 9545(b)(1)(i) and (ii).

The PCRA court dismissed the 2003 petition as untimely. The court stated no timeliness exceptions applied, as "[i]t strains credulity to suggest that [Griffin] could not have ascertained the full criminal record of Mr. Hunter by the exercise of due diligence. Mr. Hunter's criminal history is a matter of official record and would have been readily available to [Griffin] and/or his counsel as a public record." PCRA Ct. Op., filed 4/14/05, at 3 (internal

---

[1] Hunter died prior to Griffin's trial, but his preliminary hearing testimony was introduced as evidence at trial.

quotation marks and citation omitted). This Court affirmed the dismissal, and the Pennsylvania Supreme Court denied allowance of appeal.

Griffin filed the instant PCRA petition, his seventh, on October 13, 2015. Griffin filed several supplements to the petition, which the PCRA court accepted. **See** Tr. Ct. Op. at 2 (stating PCRA court reviewed supplements to 2015 petition along with initial petition). The PCRA court gave notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss the petition as untimely, and Griffin filed a response. The PCRA court dismissed the petition, and Griffin appealed.

Griffin raises the following issues:

[1.] Whereas **Commonwealth v. Burton**, 121 A.3d 1063 (Pa.Super. 2015)[(*en banc*), *aff'd*,] 158 A.3d 618 (Pa. 2017), stated, "We hold that the presumption of access to information available in the public domain does not apply where [the] untimely PCRA petitioner is [*pro se*,]" did the PCRA Court err in rejecting [Griffin]'s 2003 Petition pursuant to the public record rule, as his Petition raised genuine issues of material facts that warranted development that newly discovered evidence existed to satisfy the after discovered facts exception to the timeliness requirement under [42 Pa.C.S.A. § 9545(b)(1)(ii)]?

[2.] Considering the limitation stated in [**Commonwealth v. Starr**, 664 A.2d 1326 (Pa. 1996)]—[w]here the general rule is subject to at least three limitations that apply when there are exceptional circumstances, such as where there has been an intervening change in the controlling law, a substantial change in facts or evidence giving rise to the dispute in the matter[,] or where the prior holding was clearly erroneous and would create a manifest injustice if[ ]followed[—]should the PCRA court have reviewed the merits of [Griffin]'s claim in his present Petition and [g]ranted a [h]earing?

[3.] Was [Griffin] denied his right [under] the Equal Protection Clause[,] U.S. Const. Amend XIV, and Pa. Const. Art 1 [§] 26[,] which requires, "all persons similarly situated to be treated alike?"

Griffin's Br. at vi (reordered).

"When reviewing the denial of a PCRA petition, this Court's standard of review is limited 'to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error.'" **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018)).

As the PCRA's time restrictions are jurisdictional in nature, we may not address the substantive claims presented in an untimely petition. **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa.Super. 2017). Typically, a PCRA petition must be filed within one year of the date the petitioner's judgement of sentence becomes final, which is at the conclusion of direct review or the expiration of time for seeking such review. 42 Pa.C.S.A. § 9545(b)(1), (3). Here, Griffin's judgment of sentence became final in 1980, after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for seeking review in the Supreme Court of the United States expired. As the 2015 petition was filed over a year later, it is facially untimely.

A petition filed after the one-year deadline is nonetheless timely if one of three enumerated exceptions applies. **Id.** at § 9545(b)(1)(i-iii). First, the "governmental interference" exception applies when "the failure to raise the claim previously was the result of interference by government officials with

the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." *Id.* at § 9545(b)(1)(i). Second, the "newly discovered facts" exception applies when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Id.* at § 9545(b)(1)(ii). Finally, under the third exception, a petition is timely when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." *Id.* at § 9545(b)(1)(iii). If any exception applies, the petitioner must prove the petition was filed within 60 days of the earliest date it might have been filed. *Id.* at § 9545(b)(2).[2]

Griffin argues that his 2015 is timely under the third exception, because he filed it within 60 days of this Court's decision in *Commonwealth v. Burton*.[3] Griffin argues that the PCRA court held his 2003 petition did not qualify under the first two timeliness exceptions because the court assumed

_____

[2] 42 Pa.C.S.A. § 9545(b)(2) has since been amended to allow a petitioner one year to file a petition from the date it first could have been filed. The amendment applies to claims presented after December 24, 2017, and thus does not apply to Griffin's petition.

[3] Although Griffin filed his petition based on this Court's decision in *Burton*, the Pennsylvania Supreme Court subsequently affirmed that decision. *See Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017). We acknowledge that it is the date of the Supreme Court decision which is controlling for the purposes of a PCRA timeliness analysis under the third exception.

he had access to public information and could have discovered the full extent of Hunter's convictions at the time of trial. However, according to Griffin, the information qualified as suppressed **Brady** material, which his attorney could not have discovered during trial, because the trial court had ordered the Commonwealth to disclose it and the Commonwealth offered a misleading and false criminal history instead. And, Griffin argues, **Burton** subsequently held that the public record rule does not preclude *pro se* petitioners from pleading timeliness under the newly discovered facts exception based on facts that are a matter of public record.[4] Griffin argues that the holding of **Burton** should apply to the allegations in his 2003 petition.

This issue merits no relief. Even assuming the allegations in the 2003 petition make a valid claim that a **Brady** violation occurred, and even if **Burton** would now apply to a petitioner's new discovery of suppressed *crimen falsi* convictions—issues which we need not reach—Griffin's 2015 petition does not qualify for the third timeliness exception on the basis of **Burton**, because **Burton** did not recognize a new constitutional right. **See Commonwealth v. Kretchmar**, 189 A.3d 459, 464, *appeal denied*, 198 A.3d 1046 (Pa. 2018).

Next, quoting **Commonwealth v. Starr**, Griffin argues that although an appellate court generally may not alter the resolution decided by the same

---

[4] In **Burton**, the Supreme Court held that if a petitioner pleads timeliness based on the newly discovered facts exception, "the PCRA court must first determine whether 'the facts upon which the claim is predicated were unknown to the petitioner'" and then consider whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." **Burton**, 158 A.3d at 638.

court in a previous appeal, the coordinate jurisdiction rule does not bar reconsideration of an earlier decision "where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Starr*, 664 A.2d at 1332. Griffin argues that this Court may reconsider the dismissal of the 2003 petition based on the change in controlling law and because allowing the dismissal of that petition to stand in light of *Burton* would "create a manifest injustice."

This argument is unavailing. In *Starr*, the Pennsylvania Supreme Court considered whether a judge of the court of common pleas erred in revoking the defendant's right to represent himself after another judge on the same court had accepted his waiver of counsel. *Id.* at 1331. *Starr* does not pertain to the PCRA's time-based jurisdictional restrictions, and is inapplicable to the instant case. Our consideration of Griffin's *Brady* claim is not barred by the coordinate jurisdiction rule, but rather the jurisdictional requirement that Griffin present his claim in a timely PCRA petition.

Finally, Griffin argues that denying his 2003 petition the benefit of the *Burton* holding violates the Equal Protection Clause, as he is at a disadvantage compared to those petitioners who presented PCRA claims following the *Burton* decision.

Griffin's argument amounts to a bald assertion that the PCRA's timeliness requirements offend equal protection. However, "[t]he concept of

equal protection requires that uniform treatment be given to similarly situated parties." ***Commonwealth v. Grove***, 170 A.3d 1127, 1145 (Pa.Super. 2017) (quoting ***Commonwealth v. Kramer***, 378 A.2d 824, 826 (Pa. 1977)), *appeal denied*, 185 A.3d 967 (Pa. 2018). As the same PCRA timeliness requirements apply to all petitioners, we fail to see how they violate equal protection. ***See id.*** at 1145-46 (holding that a court's failure to retroactively apply a change in law, where the change applies equally to all persons similarly situated in time, does not violate equal protection).

As Griffin's petition does not qualify for any of the PCRA's timeliness exceptions, we affirm the order of the PCRA court denying relief.

Order affirmed.

Judge Lazarus did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19