J-S52037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2415 EDA 2018 |

Appeal from the PCRA Order Entered July 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0525631-1987

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: Filed: December 13, 2019

Craig Williams appeals *pro se* from the order dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Williams asserts his trial counsel was ineffective for failing to communicate the Commonwealth's plea offer and that his petition is timely because he recently discovered that the Commonwealth made the plea offer. We affirm.

A jury convicted Williams of first-degree murder[1] for the 1987 shooting of Gordon Russel. The court initially sentenced Williams to death,[2] but, in

_____

[1] **See** 18 Pa.C.S.A. § 2502(a). The jury also convicted Russel of recklessly endangering another person and possession of an instrument of crime. **See** **id.** at §§ 2705 and 907, respectively.

[2] The Supreme Court affirmed Williams' conviction and sentence in 1992. **See** **Commonwealth v. Williams**, 615 A.2d 716 (Pa. 1992).

2006, following PCRA proceedings, the court granted Williams a new sentencing hearing.[3] On May 1, 2012, the trial court resentenced Williams to life without parole. Williams did not file a direct appeal from his 2012 judgment of sentence.

On November 18, 2016, Williams filed the instant PCRA petition, *pro se*. In the petition, Williams alleged that his trial attorney never told him there was a plea offer, and the offer was never placed on the record in open court. Williams alleged that he learned a guilty plea offer had been made through a request under the Right-To-Know Law ("RTKL").[4]

Williams attached to his PCRA petition a copy of the alleged response to his RTKL request—an affidavit from an employee of the Philadelphia District Attorney's Office, dated September 23, 2016. Although it is unclear, the affidavit appears to deny Williams' request for various documents. Relevant here, the affidavit states that the various documents Williams requested, including "the guilty plea offer," "relate to a criminal investigation" and "contain information assembled as a result of the performance of an inquiry

---

[3] Williams filed a PCRA petition in 1996, which the PCRA court denied by adopting the reasoning in the Commonwealth's motion to dismiss. On appeal of the denial of relief, the Supreme Court remanded for a new PCRA court opinion. **See Commonwealth v. Williams**, 782 A.2d 517 (Pa. 2001). Upon remand, the Commonwealth consented to a new capital penalty hearing. The PCRA court granted the request for resentencing, but denied relief on Williams' other PCRA claims, and the Supreme Court affirmed. **See Commonwealth v. Williams**, 980 A.2d 510 (Pa. 2009).

[4] **See** 65 P.S. §§ 67.101-67.3104.

into a criminal incident or an allegation of criminal wrongdoing." Affidavit, 9/23/16, at 1.[5]

Following his PCRA petition, Williams filed a *pro se* Motion for Discovery and Second Motion for Discovery, asking the court to compel the District

_____

[5] The affidavit stated as follows:

I, [redacted], am the Chief of the Civil Litigation Unit for the City of Philadelphia's District Attorney's Office ("DAO"), and am authorized to execute this affidavit. I state the following to the best of my knowledge, information and belief under penalty of perjury pursuant to 18 Pa. Const. Stat. § 4904 relating to unsworn falsification of authorities:

1. I am the open-records officer for the DAO.

2. I am familiar with the request at issue in the above-captioned appeal.

3. The guilty plea offer, witness statements, venire list, voir dire notes, and weapon item receipt that Appellant seeks all relate to a criminal investigation.

4. The guilty plea offer and witness statements that Appellant seeks contain information assembled as a result of the performance of an inquiry into a criminal incident or an allegation of criminal wrongdoing.

5. The venire list that Appellant seeks is not created by employees of the DAO. It is created by employees of the Pennsylvania judiciary.

6. The venire list contains the names of jurors who voted to convict Appellant. Accordingly, providing it to Appellant would endanger the safety of those jurors.

Affidavit, 9/23/16, at 1.

Attorney's Office to provide documentation related to a guilty plea offer, citing Pa.R.Crim.P. 902(E)(1) and **Commonwealth v. Frey**, 41 A.3d 605, 607 (Pa.Super. 2012).

Williams also filed several *pro se* documents in which he asserted he had submitted his RTKL request on August 16, 2016, and had submitted a similar request in 2012. **See** "Memorandum of Law in Support of 2nd PCRA," filed 11/30/16; "Motion to include concise state[ment] of material facts," filed 12/20/16; "Memorandum of Law in Support of Second PCRA," filed 11/9/17. Williams argued that his petition was timely because he had acted with due diligence in discovering the existence of the plea offer, through his RTKL requests in 2012 and 2016, and had filed his petition within 60 days of receiving the affidavit admitting a guilty plea offer had existed. Williams attached copies of his 2012 RTKL request and two 2012 responses from the District Attorney's Office stating that his request was being reviewed.

The court appointed counsel,[6] who filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court sent a Rule 907 notice of its intention to dismiss Williams' petition without a hearing. **See** Pa.R.Crim.P. 907. Williams filed a *pro se* response. The PCRA court dismissed the petition as untimely, and allowed counsel to withdraw.

---

[6] Although the docket entries and certified record do not indicate when counsel was appointed, the PCRA court opinion states counsel was appointed on December 18, 2017.

Williams appealed, and raises a sole issue: "Did the lower court err on the side of fact and law by dismissing a second P.C.R.A. without a discovery and evidentiary hearing in violation of due process of law by claiming the issue of after discovered fact evidence is untimely, waived, and moot[?]" Williams' Br. at vii.

Our standard of review of an order denying relief under the PCRA "is limited 'to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error.'" **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018)).

The timeliness of a PCRA petition is a jurisdictional prerequisite; if a petition fails to satisfy the statutory timeliness requirements, a PCRA court has no jurisdiction to grant relief. **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa.Super. 2017). A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final, which is at the conclusion of direct review or the expiration of time for seeking such review. 42 Pa.C.S.A. § 9545(b)(1), (3). As Williams' 2016 petition was not filed within one year of the expiration of the time to seek review in the Pennsylvania Supreme Court, it is facially untimely.

A petition filed after the one-year deadline may be deemed timely if the petitioner proves one of three statutory exceptions applies. The "newly discovered facts" exception applies when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been

ascertained by the exercise of due diligence[.]" *Id.* at § 9545(b)(1)(ii). A petitioner invoking this exception must prove the petition was filed within 60 days of the earliest date it might have been filed. *Id.* at § 9545(b)(2).[7]

Williams argues his petition is timely because his claim of ineffective assistance of counsel is based on the District Attorney Office's response to his RTKL request. Williams claims the response proves there was a plea offer made in his case, and that he filed the petition within 60 days of receiving the response.

In its Rule 1925(a) opinion, the PCRA court examined the affidavit from the District Attorney's Office, and concluded that it does not indicate the Commonwealth ever communicated a plea offer to Williams' counsel.[8] We agree. While the response refers to "the guilty plea offer," it only does so within a vague reference to Williams' request for various pieces of information. The affidavit does not clarify whether a guilty plea offer was made, let alone offer any supporting documentation. This evidence is insufficient to prove Williams' claim of trial counsel ineffectiveness. Nor is it enough to raise an issue of material fact such as to warrant an evidentiary hearing, which "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v.*

---

[7] 42 Pa.C.S.A. § 9545(b)(2) has since been amended to allow a petitioner one year to file a petition. The amendment applies to claims presented after December 24, 2017, and thus does not apply to Williams' 2016 petition.

[8] Because we affirm on this portion of the PCRA court's reasoning, we need not address the other findings of the PCRA court.

***Roney***, 79 A.3d 595, 605 (Pa. 2013) (quoting ***Commonwealth v. Jones***, 811 A.2d 994, 1003 n. 8 (Pa. 2002)).

Moreover, Williams offers no explanation for why he did not submit his first RTKL request until 2012, 20 years after his judgment of sentence became final. He has therefore failed to plead sufficient facts to establish he was duly diligent in seeking out the basis for his ineffectiveness claim, *i.e.*, evidence that the Commonwealth had made a guilty plea offer. 42 Pa.C.S.A. § 9545(b)(1)(ii).

To the extent Williams argues the PCRA court erred in failing to grant his Motion to Compel Discovery, ***see*** William's Br. at 11, Williams has waived this claim by failing to offer any legal analysis to support it. ***See Commonwealth v. Miller***, 212 A.3d 1114, 1131 (Pa.Super. 2019); Pa.R.A.P. 2119(a). Furthermore, discovery in the PCRA context "is only permitted upon leave of court after a showing of exceptional circumstances." ***Frey***, 41 A.3d at 611 (citing 42 Pa.C.S.A. § 9545(d)(2); Pa.R.Crim.P. 902(E)(1)). It is the PCRA court's discretion to determine whether "exceptional circumstances" exist, and "mere speculation that exculpatory evidence might exist does not constitute an exceptional circumstance warranting discovery." ***Id.*** at 611-12. We cannot conclude the PCRA court abused its discretion in failing to grant the discovery motion based on Williams' mere speculation that the District Attorney's Office may have evidence of a plea offer. This is particularly so due to Williams' failure to plead due diligence.

As Williams failed to plead and prove he diligently discovered new facts that could provide a basis for PCRA relief, we conclude the PCRA court did not err in dismissing his petition as untimely.

Order affirmed.

Judge Kunselman joins the Memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2019