J-A20026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RYAN STANFORD LEE | : | |
| | : | |
| Appellant | : | No. 2471 EDA 2021 |

Appeal from the PCRA Order Entered October 29, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No:  CP-46-CR-0006593-2016

BEFORE:   BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 3, 2023**

Appellant, Ryan Stanford Lee, appeals from the October 29, 2021 order entered in the Court of Common Pleas of Montgomery County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The factual background and procedural history are not at issue here. Briefly, following his guilty pleas to third-degree murder and criminal conspiracy, Appellant, on August 17, 2017, was sentenced to an aggregate term of 17½ to 35 years of imprisonment.  Appellant appealed to this Court, and on May 6, 2019, we affirmed the judgment of sentence.  ***See Commonwealth v. Lee***, No. 2819 EDA 2017, unpublished memorandum (Pa.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Super. filed May 6, 2019). Appellant did not file a petition for allowance of appeal in our Supreme Court.

Appellant filed his first PCRA petition on December 21, 2020. The PCRA court proceeded to appoint counsel to assist Appellant in connection with his first PCRA petition. Subsequently, on May 4, 2021, appointed counsel filed an amended PCRA petition. In the amended petition, Appellant acknowledged that the petition was facially untimely, but argued that the delay in filing his first PCRA petition was attributable to the Department of Corrections (SCI Somerset).[1]

---

[1] The PCRA court also noted the following:

> Counsel attached several exhibits to the petition, including a copy of the telephone expert's report marked as Exhibit A and SCI Somerset documents marked as Exhibit D. Specifically, Exhibit D consists of three (3) documents either drafted by or addressed to Appellant concerning Appellant's request to access the law library at SCI Somerset. The first document, an Inmate's Request to Staff Member form, submitted by Appellant on February 23, 2021, asks what is required to "attend" the law library. A stamped response from a staff member dated February 28, 2021, on the same form reads:
>
> > We are currently scheduling Library for **time-dated deadlines** ONLY.[FN] If you have a deadline of 30 days or less and are pro se, have your unit staff contact the Library to be scheduled the next available session with your Zone.
>
> [Appellant's Amended PCRA petition, filed 5/4/21, Exhibit D) (emphasis added).

*(Footnote Continued Next Page)*

Upon review, on August 2, 2021, the PCRA court entered a notice of intention to dismiss the amended PCRA petition without a hearing because the PCRA petition was facially untimely and failed to meet the government interference exception. Appellant filed a response, disputing the PCRA court's conclusions.

On October 29, 2021, the PCRA court dismissed Appellant's first amended PCRA petition. This appeal followed.

---

[FN]: Although Counsel asserts that Appellant's requests to use the law library to perfect a PCRA petition were denied because "no court-ordered deadline" existed, the denial submitted by Appellant does not state that a court order is required.

The second document, a Rejection Form from the facility grievance coordinator at SCI Somerset dated February 22, 2021, is a response to Appellant's grievance. The response indicates Appellant's grievance is untimely. Moreover, the response notes that Appellant's suspension from attending the law library from January 2019 through January 2020 was a disciplinary action taken based upon Appellant's own behavior. Additionally, the response notes that although Appellant could not physically enter the law library, he could still access materials from the library on request.

The third document, an Inmate Grievance Appeal to Facility Manager Form, is a typewritten administrative appeal signed by Appellant and dated February 24, 2021. Therein, Appellant states that he has attempted to gain access to the law library for the past two (2) years and has been unsuccessful. Appellant did not attach any evidence of denied attempts to gain access inside the library or attempts to request material from the library prior to February 2021.

PCRA Court Opinion, 4/13/22, at 5-6.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

As noted above, Appellant filed the instant petition on December 21, 2020, more than one year and six months after his judgment of sentence became final. As such, the instant petition is facially untimely.[2]

On appeal, Appellant argues that his failure to file timely the instant petition was the result of government interference, Section 9545(b)(1)(i), and that the PCRA court erred in not recognizing that he met that exception.

_____

[2] The record reflects Appellant's judgment of sentence became final on June 5, 2019, at the expiration of the 30-day term to petition our Supreme Court for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant had one year from June 5, 2019 (*i.e.*, June 5, 2020), to file a timely PCRA petition. His present petition, which was filed on December 21, 2020, is therefore facially untimely.

Appellant also argues the PCRA court erred in not holding a hearing on his petition.[3]  We disagree.

In order to establish the governmental interference exception, a petitioner must plead and prove (1) the failure to raise the claim previously was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence.  **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008).  In other words, a petitioner is required to show that but for the interference of a government actor "he could not have filed his claim earlier." **Commonwealth v. Stokes**, 959 A.2d at 310.

> In response to Appellant's argument, the PCRA court noted that
>
> Appellant admits that his law library access privileges were suspended from January 2, 2019, to January 2, 2020[,] as a consequence of him returning late to his housing unit from library. Additionally, Appellant also admits that he was then placed in disciplinary custody until February 19, 2020, as a result of his behavior.  Then, beginning on March 13, 2020, the law library was closed for entry due to Covid-19 restrictions.  Appellant presents an investigation report dated August 19, 2021[,] completed on behalf of his attorney, by an investigator. The report does not allege that Appellant could not access materials but, rather, reaffirms that typically inmates who have deadlines sooner were

---

[3] Appellant articulated his claim before us as follows:

> Did the lower court err in dismissing [Appellant]'s amended PCRA petition on timeliness grounds without holding an evidentiary hearing where [Appellant] alleged his pro se petition had been rendered untimely by the interference of Department of Corrections officials?

Appellant's Brief at 4.

accepted into the library first. In the report, the investigator describes that she was informed by an SCI Somerset staff member that an inmate on suspension from the library could obtain library materials by sending a request to the library to have the librarian make a copy. This only serves to confirm that Appellant's physical access to the library was restricted, and not that SCI Somerset denied his access to needed materials from the library.

PCRA Court Opinion, 4/13/22, at 13 (quotation marks and internal citations omitted).

We agree. There is no indication that Appellant was prevented from using the law library. The restrictions in place resulting from his suspension from the law library or the restriction in place due to COVID-19 merely changed how to access the library. While Appellant could not physically access the library, he had nonetheless access to the materials in the library.[4] Thus, Appellant was never prevented from accessing any materials he would need to file a timely PCRA petition.

Additionally, other than bald allegations, Appellant fails to provide any evidence that he was prevented from accessing the library materials. While Appellant furnished copies of requests and grievances relating to access to the library, said requests and grievances were submitted in 2021, when his PCRA

_____

[4] "Documentation provided by Appellant . . . demonstrates that while physical entry into the law library may have been precluded, due first to the consequences of Appellant's own actions and then to Covid-19 precautions, Appellant was not precluded from requesting and receiving materials from the library." PCRA Court Opinion, 4/13/22, at 14.

petition was already untimely.[5]  As the Commonwealth noted, "they show that he did not attempt to gain access to the library until more than eight months after the deadline to file a timely petition passed."  Commonwealth's Brief at 11; *see also* PCRA Court Opinion, 4/13/22, at 14.

To the extent that Appellant, in the argument section of his brief before us, focuses on the allegation that the untimeliness of the petition was due to the Department of Corrections' refusal "to honor [Appellant's] request for materials from the law library because he did not have a court-ordered deadline," Appellant's Brief at 9, we must agree with the PCRA court (and the Commonwealth) that the instant claim is based on a misunderstanding of the very same evidence he provided to the PCRA court.  To this end, the PCRA court noted: "Although Counsel asserts that Appellant's requests to use the law library to perfect a PCRA petition were denied because 'no court-ordered deadline' existed, the denial submitted by Appellant does not state that a court order is required."  PCRA Court Opinion, 4/13/22, at 5, n.1; *see also* Commonwealth's Brief at 12; *see infra* n.1.  Indeed, the Department of Corrections consistently indicated to Appellant that (1) those inmates with deadlines will be accommodated before those who did not have set deadlines, which does not mean, as Appellant suggests, that absent a court-ordered deadline, inmates will not have access to the library; and (2) regardless of

_____

[5] *See supra*, footnote 1.

- 7 -

lockdown or suspension, inmates still have access to the materials of the library by simply submitting a request.

Finally, and equally importantly, it should be noted that Appellant did not argue that "any of the conditions of his incarceration were illegal, as required to meet the governmental interference exception to PCRA's timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1)(i) (governmental interference must violate United States or Pennsylvania Constitution or laws)." ***Commonwealth v. Rizvi***, 166 A.3d 344 (Pa. Super. 2017) (holding restrictions on access to prison resources does not qualify a petition for the governmental interference exception);[6] ***see also Commonwealth v. Bankhead***, 217 A.3d 1245 (Pa. Super. 2019).

_____

[6] In ***Rizvi***, we also noted:

> In ***Commonwealth v. Barrett***, 761 A.2d 145 (Pa. Super. 2000), a prison's restrictive housing unit policy permitted petitioner to obtain library materials only by request slips and prohibited him from seeking legal assistance from other inmates. This Court affirmed the PCRA court's rejection of petitioner's governmental interference claim based on these restrictions. We stated "although [petitioner] may not have been permitted to prepare his PCRA petition in the manner he would have wished, prison officials did not prevent him from filing his petition in accordance with the timing requirements by reason of his confinement in the [Restricted Housing Unit]."

***Rizvi***, 166 A.3d at 348 n.3.

Similarly, here, Appellant's bald allegations do not permit the inference that the Department of Corrections prevented him from filing a timely PCRA petition.

Considering the foregoing, we conclude that Appellant failed to establish the governmental interference exception. Accordingly, the underlying PCRA petition is untimely.

Next, Appellant argues the PCRA court erred in dismissing his petition without holding a hearing.[7] We disagree. Pursuant to the Rules of Criminal Procedure, a PCRA court must hold a hearing when a PCRA petition raises any issues of material fact. *See* Pa.R.Crim.P. 908(A)(2)). As explained, however, we have concluded that Appellant's petition was untimely, and the PCRA court properly determined that it had no jurisdiction to entertain it. Thus, we conclude that the PCRA court did not err in dismissing Appellant's petition without a hearing. *See Commonwealth v. Marshall*, 947 A.2d 714, 723 (Pa. 2008).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2023

---

[7] The hearing issue, while mentioned in the questions for our review, is not addressed in the argument section of Appellant's brief. While we would generally find it waived, we have addressed it only for sake of completeness.