J-S14045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL RAY JAMES | : | |
| | : | |
| Appellant | : | No. 1316 WDA 2022 |

Appeal from the PCRA Order Entered October 19, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000939-2013

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: May 18, 2023**

Michael Ray James (James) appeals from the October 19, 2022 order of the Court of Common Pleas of Erie County (PCRA court) dismissing as untimely his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] We affirm.

Only a brief procedural history is necessary to our disposition. Following a jury trial, James was convicted of conspiracy to commit possession with intent to deliver (PWID) a controlled substance, endangering the welfare of children, two counts of PWID, possession of drug paraphernalia and two counts of possession of a controlled substance.[2] He was sentenced to an

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq*.

[2] 18 Pa.C.S. §§ 903 & 4304(a)(1); 35 P.S. §§ 780-113(a)(30), (32) & (16).

aggregate of 9 years and 9 months to 19.5 years of incarceration and this Court affirmed the judgment of sentence. **Commonwealth v. James**, 318 WDA 2014, at *10 (Pa. Super. Nov. 10, 2014) (unpublished memorandum).

James filed his first PCRA petition in 2015 raising several claims of ineffective assistance of counsel. The PCRA court dismissed the petition without a hearing and we affirmed. **Commonwealth v. James**, 4 WDA 2016, at *9 (Pa. Super. Oct. 11, 2016) (unpublished memorandum). He filed a second petition in 2021 that challenged the legality of his sentence pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013).[3] The PCRA court dismissed the petition as untimely and James did not seek further review.

James then filed the instant petition on July 14, 2022. He again contended that his sentence was illegal under **Alleyne**, but argued that his petition was timely under **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).[4] He argued that his first PCRA counsel was ineffective for failing to pursue his **Alleyne** claim, and that the instant petition was his first

---

[3] James was sentenced to mandatory minimum terms of imprisonment based on the weight of the heroin and cocaine found in his possession. **See** 18 Pa.C.S. § 7508. We note that the verdict slips in the certified record include handwritten notations stating "if guilty, the weight of the cocaine [and heroin] proven beyond a reasonable doubt was" with a blank line, which the jury filled in as 128.9 grams and 53.6 grams, respectively. **See** Verdict Slips, 11/13/13, PWID—Cocaine & PWID—Heroin.

[4] In **Bradley**, our Supreme Court held that a PCRA petitioner may raise ineffectiveness of PCRA counsel "at the first opportunity to do so, even when on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021).

opportunity to address that ineffectiveness pursuant to **Bradley**. He did not cite any specific exception to the PCRA's jurisdictional time-bar.

The PCRA court issued a notice of its intent to dismiss the petition without a hearing. It concluded that the petition was untimely because **Bradley** did not recognize a new constitutional right. It further held that the **Alleyne** claim had been previously litigated in James' second PCRA petition. James filed a response arguing that the procedure for challenging PCRA counsel ineffectiveness outlined in **Bradley** constituted a newly-discovered fact that was not previously discoverable with due diligence. He further contended that he was prevented from raising his **Alleyne** claim through government interference, as the PCRA court had ruled in response to his first petition that the claim was not cognizable under the PCRA. The PCRA court dismissed the petition and James timely appealed. He and the PCRA court have complied with Pa. R.A.P. 1925.

On appeal, James argues that the PCRA court erred in dismissing his petition as untimely under the exceptions to the jurisdictional time-bar for newly-discovered facts and government interference.[5] "A PCRA petition, including a second and subsequent petition, shall be filed within one year of

---

[5] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

the date the underlying judgment becomes final." ***Commonwealth v. Graves***, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

James' judgment of sentence became final in 2014 when proceedings on his direct appeal concluded. The instant petition, his third, was filed in 2022. Accordingly, it is facially untimely and he must plead and prove one of the three exceptions to the PCRA's jurisdictional time-bar: (1) government interference with the presentation of the claim; (2) newly-discovered facts; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, a petitioner invoking a time-bar exception must file the petition raising the claimed exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

First, James asserts that his petition is timely under the exception for newly-discovered facts because he learned only after ***Bradley*** that he could challenge the effectiveness of his first PCRA counsel. 42 Pa.C.S. § 9545(b)(1)(ii). To establish timeliness pursuant to the newly-discovered facts exception, "the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Cox***,

146 A.3d 221, 227 (Pa. 2016). However, this Court has repeatedly held that developments in case law do not constitute new "facts" for the purposes of the jurisdictional time-bar. *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (quoting *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) ("[S]ubsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA."). Accordingly, James cannot rely on *Bradley* as a newly-discovered fact to overcome the time-bar.

Next, James argues that he was prevented from raising his *Alleyne* claim earlier due to the PCRA court's incorrect statement of law in his initial PCRA proceedings. To establish the time-bar exception for government interference, a petitioner must plead and prove "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S. § 9545(b)(1)(i). Notably, a petition invoking this exception must now be filed within one year of the date the claim could have been filed, but the previous version of the statute granted petitioners only 60 days to bring the claim.[6] 42 Pa.C.S. § 9545(b)(2); *see also Commonwealth v. Rizvi*, 166 A.3d 344 (Pa.

---

[6] As of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within one year of the date the claim could have first been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018. The amendment applied to claims arising on or after December 24, 2017.

Super. 2017) (holding that petitioner did not satisfy timeliness requirement of Section 9545(b)(2) in a government interference claim when he failed to explain why he waited approximately four years to seek relief).

James refers to the PCRA court's notice of intent to dismiss without a hearing issued in response to his first petition: "The claims Petitioner raised in the *pro se* PCRA were largely included in the PCRA filed by counsel. Petitioner also raised an ***Alleyne*** claim, which is not cognizable under the PCRA. ***See Commonwealth v. Riggle***, [119 A.3d 1058] ([Pa. Super.] 2015). It will therefore not be addressed." Notice of Intent to Dismiss PCRA Pursuant to Pa. R. Crim. P. 907, 10/8/15, at 3 n.2. In ***Riggle***, this Court held only that ***Alleyne*** enunciated a procedural rule that did not apply retroactively to cases on collateral review in which the judgment of sentence became final before ***Alleyne*** was decided. ***Riggle***, ***supra***, at 1067. Here, however, James proceeded to trial and sentencing after ***Alleyne*** was decided. A petitioner who received an illegal sentence under ***Alleyne*** may seek relief under the PCRA if his petition is timely and the judgment of sentence was not final when ***Alleyne*** was decided. ***Commonwealth v. DiMatteo***, 177 A.3d 182, 191 (Pa. 2018). James contends that the PCRA court's error of law resulted in his counsel waiving the ***Alleyne*** claim even though he repeatedly asked counsel to amend the petition to include it.

No relief is due. As James acknowledges, the PCRA court's notice of intent to dismiss his first PCRA petition was issued in October 2015, and he

was aware at the time that he filed the petition that he wanted to pursue an illegal sentencing claim under **Alleyne**. He provides no explanation for why he waited to raise this claim until July 2022, nearly seven years later, when he was required to present his claim within 60 days of the erroneous PCRA court ruling based on the prior version of Section 9545(b)(2).[7] Because he has failed to plead and prove this element of the exception, the PCRA court did not err in dismissing the instant petition as untimely.[8]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2023

_____

[7] Moreover, James first presented his **Alleyne** claim in his second petition, which was also dismissed as untimely when he failed to plead and prove an exception to the time-bar. **See** Notice of Intent to Dismiss PCRA without a Hearing, 11/18/21, at 3-5 (pagination supplied); Final Order, 12/22/21. The instant petition merely attempts to present the same claim reframed under timeliness exceptions he could have pled previously.

[8] In a final, one-sentence argument, James urges this Court to review his petition *sua sponte* for timeliness. James' Brief at 17. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010).