J-S23026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAYTON P. CARTER, III | : | |
| | : | |
| Appellant | : | No. 1799 EDA 2024 |

Appeal from the PCRA Order Entered May 31, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003375-2017

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.: **FILED JULY 14, 2025**

Clayton P. Carter, III (Appellant), appeals, *pro se*, from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously summarized the relevant factual history:

Briefly, this matter arose out of a neighbor dispute gone too far. Some time prior to 2015, [Appellant] and his family moved into his in[-]law's house[, located] next door to the victim, George Jennings [(Jennings)]. Over the years, there was a lot of tension between [Appellant] and his neighbors, but especially between him and Jennings. Jennings tended to harass, antagonize, call [Appellant] names, and use derogatory language towards him. On August 7, 2017, and into the next morning, this dispute culminated in [Appellant] shooting and killing Jennings.

Throughout that day, Jennings engaged in various activities to antagonize [Appellant]. In the final act, around 11 p.m., [Appellant] returned from the store and saw that Jennings [had] moved his vehicle closer to [Appellant's] house. [Appellant] got out of his truck, went into the house, got a loaded gun, and hid it in his pocket. [Appellant] went back outside to move his truck,

and while he was trying to parallel park, Jennings shined a light at him. [Appellant] got out of his truck and confronted Jennings. At some point, when they were face to face, [Appellant] claimed that Jennings pulled out a knife[,] and [Appellant] thought [Jennings] was going to stab him. [Appellant] pulled out his gun and shot Jennings in the head. Jennings fell backwards. [Appellant] was not sure if he hit Jennings, and so he shot him in the head again. [Appellant] was arrested and charged.

After the shooting, the police searched [Appellant's] home. Three shotguns and two revolvers were found in various places throughout the house, some of which were loaded.

Additionally, a knife was found in the grass at the scene. It had [Appellant's] DNA on it but did not have Jennings'. Jennings' wife[, Jill (Ms. Jennings), testified that she] did not recognize the knife or ever know her husband to carry or own such a knife.

Prior to trial, the Commonwealth filed a motion *in limine* to introduce into evidence the five firearms found in [Appellant's] house[,] in addition to the one used to shoot Jennings. The defense objected. Following a hearing, the trial court granted the Commonwealth's motion.

*Commonwealth v. Carter*, 253 A.3d 310, 429 EDA 2020 (Pa. Super. 2021)

(unpublished memorandum at 1-2).

Following a jury trial, Appellant was convicted of first-degree murder, possessing an instrument of crime, and tampering with or fabrication of physical evidence.[1] On August 29, 2019, the trial court sentenced Appellant to life in prison without the possibility of parole. Appellant filed a post-sentence motion, which the trial court denied. On April 23, 2021, this Court affirmed Appellant's judgment of sentence. ***See id.*** (unpublished

---

[1] 18 Pa.C.S.A. §§ 2502(a), 907(a), and 4910.

- 2 -

memorandum). The Pennsylvania Supreme Court subsequently denied Appellant's petition for allowance of appeal. *See Commonwealth v. Carter*, 263 A.3d 1134 (Pa. 2021).

On May 16, 2022, Appellant, *pro se*, timely filed the instant PCRA petition. Appellant argued testimony given by Ms. Jennings at trial conflicted with testimony she gave during her deposition for a subsequent, related civil action. *See* PCRA Petition, 5/15/22. The PCRA court appointed counsel, who ultimately sought leave to withdraw from representation pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On March 9, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Appellant's PCRA petition without a hearing. Appellant filed a *pro se* response. The PCRA court dismissed Appellant's PCRA petition on May 31, 2024. Subsequently, on June 3, 2024, the PCRA court granted counsel leave to withdraw from representation.

Appellant, *pro se*, filed a timely notice of appeal.[2, 3] On July 11, 2024, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement

---

[2] After filing the instant appeal, Appellant filed various *pro se* motions in this Court, most of which were denied.

[3] On February 21, 2025, this Court dismissed the appeal due to Appellant's failure to file a brief. Appellant sought reinstatement of his appeal, which this Court granted.

of errors complained of on appeal within 21 days. Appellant filed a *pro se* Rule 1925(b) concise statement on August 5, 2024.[4]

In his concise statement, Appellant identified three ineffective assistance of counsel claims. **See** Rule 1925(b) Statement, 8/5/24, at 1-2, 6. Additionally, Appellant asserted claims relating to "subsequently discovered exculpatory evidence" and "false evidence, evidence tampering." **Id.**, at 3-4.

Our standard of review regarding an order dismissing a PCRA petition "is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014).

Initially, we observe Appellant's brief fails to comply with several of our Rules of Appellate Procedure, including Pa.R.A.P. 2111(a) (detailing the

---

[4] We note that Appellant's Rule 1925(b) concise statement was due on or before August 1, 2024. The PCRA court stated the inmate mail stamp on the envelope containing Appellant's concise statement displayed a postmark of July 30, 2024; the court thus accepted the statement as timely filed under the prisoner mailbox rule. PCRA Court Opinion, 8/29/24, at 1 n.2; **see also** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."). Though the envelope is not in the certified record before this Court, we defer to the PCRA court's application of the prisoner mailbox rule.

required sections of an appellant's brief), 2116(a) (statement of questions involved), 2117 (statement of the case), 2118 (summary of argument), and 2119(a) (requiring an appellate argument to be "divided into as many parts as there are questions to be argued").

Moreover, Appellant's argument contains only vague references to Pa.R.Crim.P. 905 (concerning the amendment and withdrawal of a PCRA petition) and various canons of the American Bar Association's Code of Judicial Conduct. Appellant otherwise entirely fails to support his claims with citations to relevant caselaw or other legal authority. **See** Pa.R.A.P. 2119(a) (requiring an argument to include "such discussion and citation of authorities as are deemed pertinent.").

Our Supreme Court has explained:

The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted….

**Commonwealth v. Briggs**, 12 A.3d 291, 343 (Pa. 2011). Further, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005). As Appellant failed to present or develop a proper argument to support his claims, they are waived. **See Briggs**, 12 A.3d at 343 (deeming the appellant's claims waived based on his failure to comply with our mandatory Rules of Appellate

Procedure); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").[5]

Because Appellant failed to preserve any issues for our review, we affirm the PCRA court's dismissal of his PCRA petition.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Sullivan did not participate in the consideration or decision of this case.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/14/2025

---

[5] We additionally agree with the PCRA court's conclusion that Appellant's ineffective assistance of counsel claims are waived, because he raised them for the first time in his Rule 1925(b) concise statement. **See** PCRA Court Opinion, 8/29/24, at 6, 8-10 (citing **Commonwealth v. Jones**, 912 A.2d 268, 278 (Pa. 2006) ("[A]n issue is waived where it was not presented in the original or amended PCRA petition below.")). Further, regarding Appellant's after-discovered evidence and evidence tampering claims, we would agree that the claims lack merit for the reasons set forth by the PCRA court. **See** PCRA Court Opinion, 8/29/24, at 7-8.